UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TONY R.,<br><br>       Plaintiff,<br><br>v.<br><br>LELAND DUDEK, Acting Commissioner of the Social Security Administration,<br><br>       Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PETITION FOR 406(b) FEES**<br>**(DOC. NO. 29)**<br><br>Case No. 2:24-cv-00242<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Tony R.'s[1] attorney, Natalie Bolli-Jones, has filed a Petition and Memorandum for 406(b) Fees.[2] Ms. Bolli-Jones seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $ 10,828.50. This figure represents twenty-five percent of the past-due social security benefits awarded to Mr. R.—minus $9,200.00 paid to his attorneys for work done at the administrative level after the court remanded this case for further proceedings. The Commissioner does not oppose the petition.[3] For the reasons explained below, the court grants the petition.

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in court orders in certain cases, including social security cases, the court refers to Plaintiff by his first name and last initial only.

[2] ("Pet.," Doc. No. 29.)

[3] (*See* Def.'s Resp. to Pl.'s Pet. for Att'y's Fees Under 42 U.S.C. § 406(b) ("Resp."), Doc. No. 31.)

BACKGROUND

On March 19, 2024, Mr. R. retained Ms. Bolli-Jones, who is an attorney with the Law Office of Jay Barnes, on a contingent-fee basis to represent him in his claims for social security benefits before this court.[4] In a written attorney fee agreement, Ms. Bolli-Jones and Mr. R. agreed the contingency fee would be twenty-five percent of past-due benefits awarded to Mr. R. in this case.[5]

Ms. Bolli-Jones filed this action for judicial review of the Commissioner's denial of benefits on April 2, 2024.[6] On October 17, 2024, the court remanded the case to the Commissioner for further proceedings.[7] Mr. R. then sought $4,128.00 in attorney's fees under the Equal Access to Justice Act ("EAJA").[8] The court granted the motion and awarded Mr. R. the requested amount, payable to counsel.[9] Ms. Bolli-Jones also

---

[4] (*See* Aff. of Natalie Bolli-Jones in Supp. of [Pet.] for 406(b) Fees ("Bolli-Jones Aff.") ¶ 1, Doc. No. 29-1; Ex. A to Pet., Fee Agreement, Doc. No. 29-2.)

[5] (*See* Bolli-Jones Aff. ¶ 3, Doc. No. 29-1; Ex. A to Pet., Fee Agreement, Doc. No. 29-2.)

[6] (*See* Compl., Doc. No. 1.)

[7] (*See* J. in a Civ. Action, Doc. No. 25.)

[8] (*See* Stip. Mot. for Award of Att'y Fees Under the Equal Access to Justice Act, Doc. No. 26.)

[9] (Order Granting Stip. Mot. for Award of Att'y Fees Under the Equal Access to Justice Act, Doc. No. 28.)

represented Mr. R. in a prior appeal of the same case, in which $3,864.00 in EAJA fees was awarded—making the total EAJA fee award $7,992.00.[10]

After the case was remanded, the Commissioner awarded Mr. R. $80,114.00 in past-due benefits.[11] Twenty-five percent of this award is $20,028.50.[12] The Commissioner paid $9,200.00 to Mr. R.'s attorneys for work done at the administrative level and withheld the remaining $10,828.50 pending the outcome of this fee petition.[13]

Ms. Bolli-Jones filed this petition asking the court to authorize, pursuant to 42 U.S.C. § 406(b), payment of $10,828.50 in fees for her representation of Mr. R. before this court.[14] This amount represents twenty-five percent of the past-due benefits minus the administrative fee award of $9,200.00.[15] The itemized statement Ms. Bolli-Jones submitted indicates she spent 17.2 hours working on Mr. R.'s case before this court, and 18.4 hours on Mr. R.'s prior appeal.[16] Ms. Bolli-Jones further indicates the

---

[10] (*See* Order for Payment of Att'y Fees Pursuant to EAJA, Doc. No. 25 in Case No. 2:22-cv-00171 (D. Utah Dec. 7, 2022); *see also* Pet. 2 & 4 n.1, Doc. No. 29; Bolli-Jones Aff. ¶ 6, Doc. No. 29-1.)

[11] (Bolli-Jones Aff. ¶ 4, Doc. No. 29-1; Ex. C to Pet., Notice of Award, Doc. No. 29-4.)

[12] (Bolli-Jones Aff. ¶ 4, Doc. No. 29-1; Ex. C to Pet., Notice of Award, Doc. No. 29-4.)

[13] (Ex. C to Pet., Notice of Award, Doc. No. 29-4.)

[14] (Pet., Doc. No. 29.)

[15] (Bolli-Jones Aff. ¶ 7, Doc. No. 29-1.)

[16] (Ex. B to Pet., Itemized Billing Statement, Doc. No. 29-3.)

$7,992.00 EAJA fee award will be refunded to Mr. R. upon payment of the requested fee amount under 42 U.S.C. § 406(b).[17]

The petition states that Ms. Bolli-Jones provided a copy of the petition and all supporting papers to Mr. R. and notified him of his right to object.[18] Mr. R. has not objected to the fee request. The Commissioner filed a response taking no position on Ms. Bolli-Jones' petition.[19]

## ANALYSIS

Section 406(b) provides that an attorney who successfully represents a Social Security claimant may be awarded "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits."[20] In *Gisbrecht v. Barnhart*,[21] the Supreme Court indicated that section 406(b) requires district courts to review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases."[22] The Court noted that within the twenty-five percent boundary set by Congress, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."[23] In other words, courts must assess the

---

[17] (Bolli-Jones Aff. ¶ 6, Doc. No. 29-1.)

[18] (Pet. 2, Doc. No. 29.)

[19] (*See* Resp., Doc. No. 31.)

[20] 42 U.S.C. § 406(b)(1)(A).

[21] 535 U.S. 789 (2002).

[22] *Id.* at 807.

[23] *Id.*

reasonableness of the contingent-fee agreement and may reduce the amount of fees where warranted.[24]

In *Gisbrecht*, the Court gave several examples of what might cast doubt on the reasonableness of the contingent-fee agreement and merit a reduced fee. First, the fee award may be reduced "based on the character of the representation and the results the [attorney] achieved."[25] Second, "[i]f the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."[26] Third, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."[27]

Here, Ms. Bolli-Jones' fee request does not exceed the twenty-five percent threshold. Nevertheless, pursuant to *Gisbrecht*, the court examines whether the fee request is reasonable. First, based on the record in this case, the character of Ms. Bolli-Jones' representation of Mr. R. and the results achieved were not substandard. Ms. Bolli-Jones' work before this court resulted in remand of the case to the Commissioner, and a significant award of past-due benefits for Mr. R. at the administrative level. Second, there is no indication Ms. Bolli-Jones delayed pursuing Mr. R.'s claims. Ms.

---

[24] *Id.* at 808.

[25] *Id.*

[26] *Id.*

[27] *Id.*

Bolli-Jones filed this case only two weeks after being retained and requested only one short extension (which was partly based on the Commissioner's need for additional time to compile the administrative record).[28]

Next, Ms. Bolli-Jones' fee request is reasonable compared to the amount of time spent on the case. Where Ms. Bolli-Jones spent 17.2 hours on this case, her fee request of $10,828.50 translates to an hourly rate of $629.56.[29] This is within the range which courts have found reasonable.[30] This hourly rate is also reasonable in light of the additional work done on the prior appeal,[31] and considering Ms. Bolli-Jones assumed the risk of not receiving any fees under the contingent-fee agreement.[32] Finally, Ms. Bolli-Jones' petition is unopposed—further indicating the requested fees are reasonable and warranted.

---

[28] (*See* Stip. Mot. to Am. Admin. Scheduling Order, Doc. No. 10.)

[29] (*See* Pet. 3, Doc. No. 27; Ex. B to Pet., Itemized Billing Statement, Doc. No. 27-3.)

[30] *See, e.g.*, *Gulbransen v. Colvin*, No. 2:12-cv-00107, 2015 U.S. Dist. LEXIS 55176, at *4 (D. Utah Apr. 27, 2015) (unpublished) (granting a § 406(b) fee request resulting in an hourly rate of $862.88, an "amount [that] is on the high-end of what the Court would find to be reasonable," where there was no other basis to find the fee unreasonable).

[31] (*See* Ex. B to Pet., Itemized Billing Statement, Doc. No. 27-3 (indicating 18.4 attorney hours were spent on the prior appeal)); *see also Chevrier v. Saul*, No. 2:16-cv-00874, 2020 U.S. Dist. LEXIS 134416, at *10 (D.N.M. July 28, 2020) (unpublished) ("[I]t is appropriate to look at the work done during the entire life of the case, including multiple appeals, in assessing whether the requested attorney's fees are reasonable.").

[32] *See Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1174 (D.N.M. 2005) (finding § 406(b) attorney fee award translating to an hourly rate of $510.25 reasonable, particularly "when that fee is considered in conjunction with a Social Security lawyer's risk of loss").

CONCLUSION

For the reasons explained above, the requested fee is reasonable under the contingent-fee agreement between Ms. Bolli-Jones and Mr. R. The court authorizes Ms. Bolli-Jones to receive a § 406(b) fee award of $10,828.50, which represents twenty-five percent of Mr. R.'s past-due benefits, less $9,200.00 paid to his attorneys for work done at the administrative level. In addition, because fees have been awarded under both § 406(b) and the EAJA, Ms. Bolli-Jones must refund the lesser of the two fees to Mr. R. (which in this case, are those fees awarded under the EAJA).[33]

Accordingly, the court orders as follows:

1. Ms. Bolli-Jones' Petition for 406(b) Fees[34] is granted. Ms. Bolli-Jones is awarded § 406(b) fees in the amount of $10,828.50 (payable to Natalie Bolli-Jones).

2. Ms. Bolli-Jones must refund to Mr. R. the previous EAJA fee award of $7,992.00, upon payment of the § 406(b) award.

DATED this 18th day of March, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[33] *See Gisbrecht*, 535 U.S. at 796 (recognizing that "[f]ee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotation marks omitted)).

[34] (Doc. No. 29.)